IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAI BERNARDO AKEBU-LAN, | No. C 18-6010 WHA (PR) |
| Plaintiff, | **ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** |
| v. | |
| C. KOENIG; Z. BROWN; C. BRAVO; M. DAGUIO, | (ECF No. 61) |
| Defendants. | |

Plaintiff, a California state prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. Certain claims were dismissed upon initial review, but his claims against defendants Z. Brown, C. Bravo, and M. Daguio ("defendants") for raping him and interfering with his mail were found cognizable. Defendants' motion for judgment on the pleadings and for summary judgment was granted based upon claim preclusion as to the rape claim and exhaustion as to the mail interference claim, and plaintiff's motion to compel was denied for failing to meet and confer or to show that any missing discovery was necessary to oppose defendants' motions. Judgment was entered in defendants' favor.

Plaintiff has filed a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Plaintiff has not sought or obtained such leave. His present motion is construed as a motion for leave to file his motion under Rule 59(e). Under Civil Local Rule 7-9, the moving party must specifically

show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

Plaintiff has not shown a difference in law or facts from those that were presented prior to ruling on defendants' motion that plaintiff did not know about despite his due diligence, a change in material facts or a change of law after defendants' motion was ruled upon, or that the ruling was made despite a failure to consider material facts. Plaintiff does not address the grounds upon which the motion for judgment on the pleadings was granted, namely claim preclusion. Additionally, plaintiff does not dispute that his mail interference claim was not exhausted, but instead argues that non-exhaustion should be excused because of inadequacy, futility, or danger. He has not shown grounds for such excuses, nor has he shown why he did not or could not raise these arguments in his briefing on defendants' motion. Lastly, plaintiff has not shown that the motion to compel was wrongly decided. Accordingly, plaintiff is **DENIED** leave to file a motion for reconsideration, and his motion to alter or amend the judgment is **DENIED**.

IT IS SO ORDERED.

Dated: March 4, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE